UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| E*TRADE CONSUMER FINANCE CORPORATION f/k/a GANIS CREDIT CORPORATION, )<br>)<br>)<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>WILLIAM NEEDLES and THERESA NEEDLES, )<br>)<br>)<br>)<br>    Defendants. ) | CAUSE NO.: 2:04-CV-375-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 25], filed by the Plaintiff, E*Trade Consumer Finance Corporation f/k/a Ganis Credit Corporation on July 6, 2005 ("E*Trade"). Based on the following, the Court grants the Plaintiff's Motion for Summary Judgment.

**PROCEDURAL BACKGROUND**

On September 10, 2004, E*Trade filed a Complaint in this Court seeking a judgment in the amount of $198,924.59 plus 7.99% interest per annum from August 5, 2004 until the date of judgment and thereafter at 7.99% per annum until the judgment is paid in full as well as costs and attorney fees for the failure of Defendants Theresa Needles and William Needles (collectively "the Needles") to satisfy their obligations on a Sales Installment Note and Security Agreement.

On October 15, 2004, the Needles, proceeding *pro se*, filed an Answer and a Counterclaim against E*Trade. The Needles asserted the following affirmative defenses: "Plaintiff has failed to

1

comply with Fair Credit Practices;" "Plaintiff has failed to comply with Fair Credit Reporting Act;" "Plaintiff's claims for relief are barred by Plaintiff's;" "Failure to comply with applicable State Banking laws and requirements;" "Failure to comply with applicable Federal Banking law[s] and requirements;" "Denial of intent to accept terms of Plaintiff creditor by marked modification;" "Terms and or rates of interest and payments were not in compliance with either state or federal restrictions;" "Defect in documents upon which the Plaintiff creditor relies by law;" "Plaintiff failed to mitigate damages by selling out collateral on a timely basis and/or at an appropriate price;" "Plaintiff failed to comply with normal and accepted business practices;" "Plaintiff was not in compliance with the requirements of the commercial code;" unclean hands; estoppel; laches; waiver; ratification; acquiescence; and insufficiency of service of process. (Def. Answer.)  In the Counterclaim, the Needles allege that E*Trade violated numerous sections of 805(a)(1), 805(b), 805(c),  and 807(14)(1) of the Fair Debt Collection Practices Act, that E*Trade intentionally inflicted injury and emotional distress upon them and their minor child, that E*Trade breached an oral agreement with the Needles, and that E*Trade possesses personal property of the Needles' unrelated to the Complaint.

On October 22, 2004, E*Trade filed an Answer to the Counterclaim.

On March 11, 2005, with leave of Court, E*Trade filed an Amended Complaint to correct the caption to reflect the accurate spelling of one of the Needles' first names.

On May 17, 2005, with leave of Court, E*Trade filed a Second Amended Complaint to include jurisdictional information that had been inadvertently left out of the Amended Complaint.

On July 6, 2005, E*Trade filed a Motion for Summary Judgment and a Memorandum in Support.  In the motion, E*Trade seeks an Order of the Court granting judgment in its favor on both its Complaint as well as the Needles' Counterclaim.  On July 17, 2005, E*Trade filed a Notice of

2

Submittal of Motion for Decision, which was premature in light of Local Rule 56.1, which provides a 30-day period for responses to motions for summary judgment.

On July 27, 2005, the Court admonished E*Trade for not providing the Needles with an appropriate notice pursuant to *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), and issued a separate order giving the Needles the proper *Timms* notice and resetting the briefing schedule on E*Trade's Motion for Summary Judgment. The Court set the Needles' response deadline for August 29, 2005, and E*Trade's reply deadline for September 13, 2005. As of the date of this Order, the Needles have not filed a response to the Motion for Summary Judgment.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate-in fact, is mandated-where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v.*

3

*Atchison, Topeka, & Santa Fe. Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1526 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionary Union & Indus., Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the

4

non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of the witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 447 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## FACTUAL BACKGROUND

On October 17, 1997, the Needles executed a simple interest Sales Installment Note and Security Agreement ("Note"). The Note was for the principal amount of $392,976.81, plus additional interest at the per annum rate of 7.99% from December 15, 1997, until paid. The money borrowed was to be used to purchase a 1998 Carver 455 Motor Yacht, Identification No. CDRX00071798 ("Yacht"), with E*Trade taking out a security interest in the Yacht. The Needles were to pay the Note back by making monthly payments of $3,293.32 for 240 months. The Needles failed to continue making the monthly payments on the Note and thus defaulted on its terms. The last payment made by the Needles under the Note was made on October 31, 2003, which only paid the Note through September 2003.

Pursuant to the security interest, E*Trade repossessed the Yacht in late 2003 and sent a letter to the Defendants providing them notice of its intention to sell the Yacht at a private sale on or after December 29, 2003. E*Trade then sold the Yacht at a private sale on May 28, 2004, for

$182,700.00. On or about June 22, 2004, E*Trade sent a letter to the Needles outlining the deficiency balance still due on the Note after the sale of the Yacht. As of that date, the Needles owed approximately $195,964.49 on the Note with additional interest accruing thereafter at the per annum contractual rate of 7.99%. Before proceeding with this lawsuit, the Needles were contacted by E*Trade and/or its agents concerning payment of this deficiency balance. The Needles have refused to pay any of the balance.

On September 10, 2004, E*Trade filed its Complaint in this Court, and the Needles filed an Answer and Counterclaim on October 15, 2004. On February 21, 2005, E*Trade served on the Needles a set of Interrogatories and Requests for Production of Documents. On March 4, 2005, E*Trade served on the Needles a set of Requests for Admissions pursuant to Federal Rule of Civil Procedure 36. Both sets of discovery were filed with the Court as well pursuant to Local Rule 26.2(e). In the Requests for Admissions, E*Trade asked, among others things, that the Needles admit the following:

    a. that E*Trade did not breach the peace in taking possession of the Yacht and sold the Yacht in a commercially reasonable manner and on a timely basis;

    b. that the Needles owe a balance to E*Trade of $198,924.59 plus 7.99% per annum of additional interest from August 5, 2004 until paid;

    c. that E*Trade has alleged a cause of action upon which relief can be granted and has alleged sufficient facts in its Complaint to establish the subject matter jurisdiction of the Court;

    d. that E*Trade complied with Fair Credit Practices and with the Fair Credit Reporting Act;

    e. that E*Trade, in its dealings with the Needles, complied with all applicable State and Federal Banking laws and requirements;

    f. that E*Trade complied with normal and accepted business practices and the requirements of the Uniform Commercial Code;

  g. that E*Trade, in its dealings with the Needles, did not violate the Fair Debt Collection Practices Act and did not knowingly inflict injury and emotional distress on the Defendants or their family;

  h. that E*Trade did not breach an oral agreement with the Needles; and

  i. that E*Trade, if it possessed any personal property of the Needles, it was because it was left on the Yacht when E*Trade repossessed it and was not intentionally stolen by E*Trade.

*See* Def. Br., Exh. 5. As of the date of their motion, E*Trade had not yet received any response to the Requests for Admissions.

## DISCUSSION

  In the Motion for Summary Judgment, E*Trade argues that, because the Needles did not respond to E*Trade's Requests for Admission, the admissions are deemed admitted; therefore, based on the admissions, the Needles cannot raise a genuine issue of material fact to prevent the entry of summary judgment in favor of E*Trade on the Complaint and the Counterclaim. E*Trade also argues that it is entitled to summary judgment on the Needles' claims under the Fair Debt Collection Practices Act because E*Trade is not a debt collector and that E*Trade is entitled to summary judgment because the Needles have failed to respond to any discovery that would allow them to support their affirmative defenses or other claims in the Counterclaim. Despite the Court's issuance of the *Timms* notice and the extension of the briefing schedule to allow the Needles sufficient time to respond to the Motion for Summary Judgment, the Needles have not filed a response.

  Pursuant to Federal Rule of Civil Procedure 36(a), if a matter is requested to be admitted pursuant to that Rule, the party upon whom the request has been propounded must, within thirty days of service of the request, serve upon the party requesting the admission a written answer or objection addressed to the matter. *See* Fed. R. Civ. P. 36(a). If no such written answer or objection

is served, Rule 36(a) provides that the matter is deemed admitted.  *See id.*; *see also United States v. Kasuboski*, 834 F.2d 1345, 1349-50 (7th Cir. 1987).  Furthermore, "admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *Kasuboski*, 834 F.2d at 1350 (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir.1985); *Donovan v. Carls Drug Co.*, 703 F.2d 650 (2nd Cir.1983)); *see also McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003).

On March 4, 2005, E*Trade served Rule 36 Requests for Admission upon the Needles.  As of the date of E*Trade's Motion for Summary Judgment, E*Trade had not received the Needles' response, and, as of the date of this Order, the Court has not been made aware that E*Trade has since received any such responses.  Accordingly, the Court finds that the following facts are deemed admitted pursuant to Rule 36(a):

    a.  E*Trade did not breach the peace in taking possession of the Yacht and sold the Yacht in a commercially reasonable manner and on a timely basis;

    b.  The Needles owe a balance to E*Trade of $198,924.59 plus 7.99% per annum of additional interest from August 5, 2004 until paid;

    c.  E*Trade has alleged a cause of action upon which relief can be granted and has alleged sufficient facts in its Complaint to establish the subject matter jurisdiction of the Court;

    d.  E*Trade complied with Fair Credit Practices and with the Fair Credit Reporting Act;

    e.  E*Trade, in its dealings with the Needles, complied with all applicable State and Federal Banking laws and requirements;

    f.  E*Trade complied with normal and accepted business practices and the requirements of the Uniform Commercial Code;

    g.  E*Trade, in its dealings with the Needles, did not violate the Fair Debt Collection Practices Act and did not knowingly inflict injury and emotional distress on the Needles or their family;

    h.  E*Trade did not breach an oral agreement with the Needles; and

  i. E*Trade, if it possessed any personal property of the Needles, it was because it was left on the Yacht when E*Trade repossessed it and was not intentionally stolen by E*Trade.

  As these matters are now admitted, the Needles cannot, as a matter of law, raise a genuine issue of material fact to prevent the entry of summary judgment in E*Trade's favor on both E*Trade's Complaint as well as the Needles' Counterclaim, and E*Trade has demonstrated that it is entitled to entry of judgment as a matter of law in its favor on the Complaint and the Counterclaim. Accordingly, on the basis of these admissions, the Court grants E*Trade's motion for summary judgment and orders that judgment as a matter of law be entered granting a monetary judgment in the amount of $198,924.59 plus 7.99% per annum of additional interest from August 5, 2004 until paid against the Needles and in favor of E*Trade under E*Trade's Complaint. Further, the Court dismisses the Needles' Counterclaim.

  In addition, the Court finds that E*Trade is not a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"). Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The allegations in the Counterclaim against E*Trade under the FDCPA involve E*Trade's attempts to collect its own debts. Because E*Trade was attempting to collect its own debt from the Needles, it is not a "debt collector" under the FDCPA. On this basis as well, the Court grants summary judgment in favor of E*Trade on the Needles' claims under the FDCPA.

  Finally, the Court also recognizes that, in addition to the Requests for Admissions, the Needles have not responded to any of E*Trade's other written discovery requests. Within that discovery, E*Trade requested that the Needles produce evidence in support of their affirmative

9

defenses and claims against E*Trade.  The Interrogatories and Requests for Production of Documents have gone unanswered.  Pursuant to the Federal Rules of Civil Procedure, responses to those discovery requests, served on February 21, 2005, were due March 21, 2005.  In addition, the discovery deadline in this matter was June 6, 2005.  Accordingly, there is no admissible evidence of record on which the Needles could rely to avoid summary judgment.  *See Celotex*, 477 U.S. at 324.  The Needles have had adequate time to conduct discovery to make a showing sufficient to establish the existence of an element essential to their case and on which they bear the burden of proof at trial but have failed to do so.

The Court is cognizant of the Needles' status as *pro se* defendants.  However, the Needles are nonetheless required to follow the Federal Rules of Civil Procedure.  *See Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (holding that the "rules apply to uncounseled litigants and must be enforced"); *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996) (holding that being a *pro se* litigant "does not give the [defendants] the discretion to choose which of the court's rules . . . [they] will follow."); *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994) (holding that "pro se litigants are not entitled to a general dispensation from the rules of procedure. . . .").  As *pro se* litigants, the Needles, in certain instances, may be "entitled to benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant." *Jones*, 39 F.3d at163 (citations omitted).  However, such instances of "leniency" do not extend to the Federal Rules of Civil Procedure.  *See id*.  Thus, the Needles, like anyone else who comes before the Court, must follow the Rules of Civil Procedure.  The Court recognizes that the Needles filed a thorough and responsive Answer in this matter.  In addition, the Court provided the Needles with an appropriate *Timms* notice and extended the briefing schedule on the Motion for Summary Judgment once the *Timms* notice

had been issued. Accordingly, the Court finds that the Needles have not been prejudiced by their *pro se* status.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Plaintiff's Motion for Summary Judgment [DE 25] and **ORDERS** that judgment be entered in favor of the Plaintiff, E*Trade Consumer Finance Corporation f/k/a Ganis Credit Corporation, and against the Defendants, William Needles and Theresa Needles, jointly and severally, on both the Plaintiff's Complaint and the Defendants' Counterclaim. The Court further **ORDERS** that the judgment be entered in favor of the Plaintiff, E*Trade Consumer Finance Corporation f/k/a Ganis Credit Corporation, in the amount of $198,924.59 plus 7.99% per annum of additional interest from August 5, 2004 until paid.

All pretrial and trial dates are **VACATED**.

SO ORDERED this day 20th of October, 2005.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record, Defendants, pro se